No. 25-11407-GG

# JURISDICTIONAL QUESTION

Please address whether the relevant pleadings sufficiently allege the citizenship of the parties so as to invoke the district court's jurisdiction under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d)(2) (providing federal district courts with jurisdiction over class actions when (1) the class has more than 100 members, (2) the parties are minimally diverse, and (3) the matter in controversy exceeds $5,000,000); *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91 (2002) (holding that a corporation of a foreign country is deemed a citizen of such country and of the state or country in which it has its principal place of business); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (concluding that a corporation's "principal place of business" refers to the place where the corporation's officers direct, control, and coordinate the corporation's activities); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086, 1091 (11th Cir. 2010) (explaining that unincorporated associations do not themselves have any citizenship, even if state law permits the unincorporated entity to sue or be sued in its own name, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of § 1332); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (explaining that a limited liability company is a citizen of any state of which a member of the company is a citizen, and the plaintiff must allege the citizenship of all members); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268-69 (11th Cir. 2013) (explaining that to establish diversity jurisdiction with respect to a natural person, the pleadings must allege the person's citizenship or domicile); *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (explaining that, when jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged); *see also Brink v. Raymond James & Assocs.*, 892 F.3d 1142, 1147 n.5 (11th Cir. 2018) (noting that there need only be a "'foreseeable possibility' that there will be a diverse class member upon class certification" for pleadings to be sufficient).

Insofar as the jurisdictional allegations may be inadequate, please address: (1) whether the allegations should be amended on appeal, pursuant to 28 U.S.C. § 1653, to cure any jurisdictional deficiencies in the current pleadings; (2) whether current record evidence adequately establishes the parties' citizenship; or (3) whether the record should be supplemented with additional evidence to demonstrate the parties' citizenship. *See* 28 U.S.C. § 1653; *Travaglio*, 735 F.3d at 1269-70 (discussing when record evidence may be used to cure jurisdictional pleading defects, and noting that self-serving arguments and unsworn statements in trial briefs are insufficient to establish a party's citizenship); *Mallory & Evans*, 663 F.3d at 1305 (inviting appellant to file a motion for leave to amend the complaint to correct deficient allegations of citizenship). If applicable, the parties should submit any motions they consider necessary or appropriate to cure the deficiencies.